STATE OF NORTH CAROLINA v. JESSIE EARL FULLERTON

No. 7314SC339

(Filed 23 May 1973)

**1. Criminal Law § 76— admission of confession**

The trial court did not err in the admission of defendant's in-custody confession where the evidence on *voir dire* supports the court's determination that the confession was freely and voluntarily given.

**2. Burglary and Unlawful Breakings § 5; Larceny § 7— confession and corpus delicti — sufficiency of evidence for jury**

Evidence of defendant's confession coupled with evidence of the *corpus delicti* was sufficient to require submission of a felonious breaking and entering and felonious larceny case to the jury.

**3. Constitutional Law § 32; Criminal Law § 101— permitting defendant to offer evidence against advice of counsel**

The trial court did not err in permitting defendant, against the advice of his counsel, to call defendant's sister as a defense witness, the court having explained defendant's right to offer or not offer evidence and the procedural consequences of either choice and having advised defendant that defendant's counsel thought it would be in his best interest not to offer evidence.

APPEAL by defendant from *Bailey, Judge,* 2 October 1972 Session of Superior Court held in DURHAM County.

Defendant was charged and convicted of (1) ,felonious breaking and entering and (2) felonious larceny.

Two Durham city police officers went to New Orleans, Louisiana, in July 1971 to return defendant and his brother to North Carolina to stand trial on an armed robbery charge. After his return to North Carolina, defendant fully confessed to the armed robbery charge, and also confessed that he and his brother had committed the felonious breaking and entering and felonious larceny. He took the officers to the site of the break-in, the McPherson residence on Orange-Factory Road, a rural road in Durham County. Defendant showed the officers how the break-in in May 1971 was accomplished, and how they loaded a truck with miscellaneous items taken from the McPherson residence. The State's evidence further showed that on the weekend of 30 April—2 May 1971, the McPherson residence on Orange-Factory Road had been broken and entered, and over $4,000.00 worth of personal property had been taken.

State v. Fullerton

Upon defendant's plea of not guilty he was tried by jury and found guilty as charged.

*Attorney General Morgan by Assistant Attorney General Dew, for the State.*

*Arthur Vann for the defendant.*

BROCK, Judge.

[1] Defendant assigns as error the admission of his in-custody confession into evidence. The trial judge conducted a full and fair evidentiary hearing, in the absence of the jury, upon the question of the voluntariness of defendant's confession. The evidence fully supports the finding and conclusion by the trial judge that defendant's confession was freely and voluntarily given. When supported by the evidence the trial court's findings will not be disturbed on appeal. This assignment of error is overruled.

[2] Defendant assigns as error the denial of his motion for nonsuit. The evidence of defendant's confession coupled with the evidence of the *corpus delicti* was sufficient to require submission of the case to the jury and to support its verdict. This assignment of error is overruled.

[3] Defendant assigns as error that the trial judge permitted defendant, against the advice of counsel, to call defendant's sister as a defense witness. The trial judge fully and fairly advised the defendant of his right to offer evidence or not offer evidence, and the procedural consequences of either choice. The trial judge further advised the defendant that defense counsel felt it would be for defendant's best interest that he not offer evidence. In spite of the judge's explanations, and in spite of the advice of counsel to the contrary, defendant called his sister to testify. Her testimony was sufficient to have convicted defendant. He now complains.

In our view, when a defendant proceeds against the advice of his attorney, he will just have to live with the results. This defendant has been accorded every protection to which he is entitled. In any event, the State's evidence in this case was so clear and overwhelming that the testimony of defendant's sister was merely cumulative. This assignment of error is overruled.

We find no merit in defendant's exceptions to the answers given by the trial judge to questions asked by the jurors. In our opinion, defendant had a fair trial, free from prejudicial error.

No error.

Judges BRITT and BALEY concur.